IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                               Criminal Action No. 1:18CR46-2
                                              (Judge Kleeh)

**PAUL CASTO,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

Pending are the motions of the defendant, Paul Casto ("Casto"), seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF Nos. 972, 1022], and seeking to expedite the Court's ruling [ECF No. 1114]. For the reasons that follow, the Court **DENIES** his motion for compassionate release and **DENIES AS MOOT** his motion to expedite.

**I.    BACKGROUND**

On September 18, 2018, Casto was one of nineteen (19) defendants named in a forty (40) count indictment alleging various controlled substance offenses [ECF No. 1]. Specifically, Casto was charged with conspiracy to distribute of methamphetamine (Count One), aiding and abetting the distribution of methamphetamine within 1000 feet of a protected location (Count Twenty-Eight), and distribution of methamphetamine (Count Thirty). Id. After he pleaded guilty to Count Thirty [ECF No. 660], the

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

Court sentenced Casto to 108 months of imprisonment on November 25, 2019 [ECF No. 862]. He is currently incarcerated at FCI Beckley and, with the inclusion of good conduct credit, has a projected release date of June 30, 2026.[1]

On November 23, 2020, Casto filed a pro se motion for compassionate release, asserting that the combination of the COVID-19 pandemic, his preexisting medical conditions, and his age constitute an extraordinary and compelling reason to reduce his sentence [ECF No. 972]. Casto, by counsel, supplemented his motion on October 12, 2021 [ECF No. 1022]. The Government did not respond. On January 31, 2023, Casto filed a motion to expedite the Court's ruling on his request for release [ECF No. 1114].

## II.  APPLICABLE LAW

After imposing a term of imprisonment, a court may only modify its sentence in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of these circumstances, compassionate release pursuant to 18 U.S.C. § 3582, permits courts to "reduce the term of imprisonment after making a 'three-step inquiry'": (1) has a defendant exhausted all administrative remedies; (2) does an extraordinary and compelling reason for a

---

[1] See Federal Bureau of Prisons, Inmate Locator https://www.bop.gov/inmateloc/ (results for register number 05390-087) (last visited April 14, 2023).

Case 1:18-cr-00046-TSK-MJA   Document 1116   Filed 04/17/23   Page 3 of 10   PageID #: 4169

USA V. CASTO                                                                                    1:18CR46-2

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

sentence reduction exist; and (3) is a sentence reduction consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a)? See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

### III. DISCUSSION

**A.   Administrative Exhaustion**

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

On July 23, 2020, Casto submitted an administrative request for compassionate release, which the Warden denied on June 7, 2020 [ECF No. 972-1 at 10-12]. Accordingly, Casto has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A).

Case 1:18-cr-00046-TSK-MJA   Document 1116   Filed 04/17/23   Page 4 of 10   PageID #: 4170

USA V. CASTO                                                            1:18CR46-2

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

**B.   Extraordinary and Compelling Reasons**

Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling" but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

Casto argues that the environment in the BOP during the COVID-19 pandemic, in combination with his preexisting medical conditions and age, constitutes an extraordinary and compelling reason to modify his term of imprisonment. Upon careful review, the Court respectfully disagrees.

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

"The mere existence of COVID-19 in a society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Significantly, this is so even if the facility where the inmate is incarcerated has experienced an outbreak of COVID-19. United States v. Williams, 2020 WL 5097490, at *3 (M.D.N.C. Aug. 28, 2020) (collecting cases).

Nevertheless, an inmate's particularized susceptibility to COVID-19, and a particularized risk of contracting the virus at his prison facility, may constitute an extraordinary and compelling reason justifying compassionate release. United States v. Colleton, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (citing United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). In determining whether an inmate is particularly susceptible to COVID-19, courts rely on risk factors identified by the Centers for Disease Control and Prevention ("CDC") to assess whether he has medical conditions which place him at an increased risk of severe illness from the virus. Petway, 2022 WL 168577, at *3; United States v. Johnson, 858 Fed. App'x 682 (4th Cir. 2021).

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS  
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND  
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

Casto has three medical conditions that increase his COVID-19 related risks: hypertension, diabetes, and coronary artery disease. According to the CDC, hypertension "might" increase an individual's risk of severe COVID-19 related illness.[2] It also advises that having coronary artery disease and diabetes, "can make you more likely to get very sick from COVID-19."[3] Further, according to the CDC, at fifty-eight (58) years old, Casto is three times more likely to be hospitalized and twenty-five times more likely to die from COVID-19 related illness than individuals between the ages of eighteen (18) and twenty-nine (29).[4]

Although Casto does have some of the risk factors associated with COVID-19, his medical conditions are adequately monitored and managed by the BOP. A review of his medical records establishes that his preexisting medical conditions are well treated and not so severe as to amount to an extraordinary and compelling reason for his release. Moreover, extraordinary and compelling reasons do not exist for his release because he does not have a

---

[2] CDC, People with Certain Medical Conditions (Feb. 10, 2023) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#:~:text=Having%20heart%20conditions%20such%20as,American%20Heart%20Association%3A%20COVID%2D19 (last visited March , 2023).  
[3] Id.  
[4] CDC, Risk for COVID-19 Infection, Hospitalization, and Death By Age Group (April 7, 2023) https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last visited April 14, 2023).

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

particularized risk of contracting COVID-19 at FCI Beckley.[5]  As of April 14, 2023, there are zero (0) active cases of COVID-19 at the facility.[6]  Casto's risk of exposure to COVID-19 in the BOP is therefore negligible.  Thus, the combination of Casto's medical conditions, age, and the environment at FCI Beckley is not an extraordinary and compelling reason for his release.

**C.    Sentencing Factors Pursuant to 18 U.S.C. § 3553(a)**

Even if Casto could establish an extraordinary and compelling reason for his compassionate release, the Court must weigh and consider the § 3553(a) factors to determine whether a sentence reduction is appropriate in his case.  High, 997 F.3d at 185-86.  Any decision to reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a).  The relevant considerations under § 3553(a) include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect

---

[5] Casto was incarcerated at FCI Morgantown when he moved for compassionate release. He has since been transferred to FCI Beckley.
[6] Federal Bureau of Prisons, COVID-19 Cases, bop.gov/coronavirus/ (last visited April 14, 2023).

Case 1:18-cr-00046-TSK-MJA   Document 1116   Filed 04/17/23   Page 8 of 10   PageID #: 4174

USA V. CASTO                                                          1:18CR46-2

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

for the law, deters criminal conduct, and protects the public from future crime.  Id.

The nature and circumstances of Casto's offense weigh against his release.  Casto conspired with others to distribute pure methamphetamine in the Northern District of West Virginia.  As a member of this large conspiracy, Casto arranged and completed transactions.  In his plea agreement, the parties stipulated that his relevant drug conduct included between 150 grams and 500 grams of pure methamphetamine.  Casto's criminal history also weighs against a reduction of his sentence and includes convictions for discharging a firearm, violating a protective order, domestic battery, and aiding and abetting the distribution of cocaine base.

Casto contends that the § 3553(a) factors weigh in favor of his release for several reasons.  First, he contends that the sentence he received was too severe based on the disparity between offenses involving pure methamphetamine and methamphetamine mixtures.  The Court considered this argument at sentencing and found that a sentence at the low-end of the guideline range was warranted in this case.  It reaches the same conclusion now.

Second, Casto argues that his risk of recidivism has decreased because he is now fifty-eight (58) years old and recidivism rates are the lowest for offenders over the age of fifty (50).  But this

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

argument overlooks the fact that Casto committed the underlying offenses at the age of fifty-five (55).

Finally, Casto argues that his release plan and term of supervised release will reduce his risk of recidivism. His history before this Court indicates otherwise. In 2006, Casto was convicted in this District of aiding and abetting the distribution of cocaine base. As part of his sentence, the Court imposed a six-year term of supervised release. Casto did not adjust well and, after he repeatedly violated the conditions of his release, the Court revoked his supervision. Casto's behavior did not change during his second term of supervised release. The Court again revoked his release and did not impose any further term of supervision because Casto had exhausted but not taken advantage of the resources available to him. Casto was charged in the Indictment in this case less than three years later.

For these reasons, a term of imprisonment within the guideline range remains necessary to reflect the seriousness of his offense and provide just punishment. As Casto has served only approximately 41 months of his 108-month sentence, any reduction would result in a sentence insufficient to promote respect for the law, deter future criminal conduct, and provide adequate punishment for his offense.

USA V. CASTO                                                         1:18CR46-2

**MEMORANDUM OPINION AND ORDER DENYING MOTIONS
FOR COMPASSIONATE RELEASE [ECF NOS. 972, 1022] AND
DENYING AS MOOT MOTION TO EXPEDITE [ECF NO. 1114]**

### IV.  CONCLUSION

After carefully considering all of Casto's arguments, the Court concludes that no extraordinary and compelling reason exists to justify a reduction of his sentence and any such reduction would be inconsistent with the § 3553(a) factors.  It therefore **DENIES** his motions for compassionate release [ECF Nos. 972, 1022].  Based on this ruling, the Court also **DENIES AS MOOT** Casto's motion to expedite [ECF No. 1114].

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to Casto, via certified mail, return receipt requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: April 17, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA